SCHRICKER ET AL. V. RIDINGS, APPELLANT.

**Corporation** : INDIVIDUAL LIABILITY OF STOCKHOLDER: CONSTITUTIONAL LAW. The constitution provides that "dues from private corporations shall be secured by such means as may be prescribed by law, but in no case shall any stockholder be individually liable in any amount over and above the amount of the stock owned by him or her." *Held,* That under this provision a stockholder is not liable for a debt of the corporation, if he has paid the whole amount of the stock subscribed or owned by him.

*Appeal from Johnson Circuit Court.*

*F. M. Cockrell and Elliott & Jetmore* for appellant.

The plaintiffs claim that by a literal interpretation of the phraseology, "but in no case shall any stockholder be individually liable in any amount over or above the amount of the stock owned by him," an individual liability is imposed on defendant, without reference to his having paid up his stock, of an amount equal to the amount of his stock; that this amendment abolished the double liability *only as to any unpaid balance on the stock.* Such an interpretation is more ingenious than sensible. The single liability of a stockholder embraces the amount of his stock; that is, its full payment, (R. S. 1855, p. 403, Sec. 39; *Perry v. Turner,* 55 Mo. 418,) while the double liability includes the single liability with an additional amount equal to the amount of his stock. The former exists without legislation under the common law; while the latter is a creature of statute. The object of all interpretation and construction is to ascertain the intention of the law makers, even so far as to control the literal signification of the words; *verba intentione debent inservire.* (1 Black. Comm. 59; 2 Kent Comm. 55; 1 Bouvier Inst. n 4419 *et seq.*; 2 Story Const. 1; 2 Pars. Contr. 3; Story Contr., Secs. 397–456; 1 Bishop Crim. Law, Secs, 51, 59.) The double liability is a penalty, and requires strict construction. (*Kritzer v. Woodson,* 19 Mo. 327.)

That the people, in the adoption of this amendment,

intended to abolish the double liability provision of the Constitution, leaving the single liability as the only and maximum penalty to which the stockholder should be subjected, there can, we think, be no doubt; and this affords us another important rule in its construction, to-wit: to give effect to the intent of the people in adopting it. (Cooley Const. Limt. 55; Broom's Leg. Max. 347; *Hamilton v. St. Louis Co. Ct.*, 15 Mo. 3.) Contemporaneous construction of this amendment verifies the position of defendant. So far as our knowledge extends, save in the case at bar, the construction contended for by defendant has been universally acquiesced in by the bench, the bar and the people. *Ochiltree v. Railroad Co.*, 54 Mo. 113; S. C., 21 Wall. 249; *Miller v. Manion*, 50 Mo. 55; *Prov. Sav. Inst. v. Jackson Place S. & B. R.*, 52 Mo. 552; Ib. 557.

These proceedings are unsupported by any law. Section 13, p. 291 of Wag. Stat., having been enacted for the purpose of enforcing the double liability clause of the Constitution of 1865, is in direct conflict with the amendment of 1870; and no proceeding can be had under it until it is amended by the Legislature. *St. Jo. &c., R. R. Co. v. Buchanan Co. Ct.*, 39 Mo. 485; *Sanger v. Upton*, 91 U. S. 56. A constitution is not self-enforcing, except when special provision is made for that purpose. The amendment of 1870 not only fails to provide for its own enforcement, but expressly provides against doing so, declaring, that, "dues from private corporations shall be secured by such means as may be *prescribed by law.*" The Legislature has enacted no law for the enforcement of this amendment. Granting, however, that the amended constitution is capable of self-enforcement, in that case it must be done at common law. It could not be enforced under said section 13, seeing that it was enacted in 1866, to enforce the constitution of 1865, and is repealed by the amendment. (2 Story Eq. Ju. Sec. 1252, a. & b.; *Rankine v. Elliott*, 16 N. Y. 377; 10 Paige 290; 26 N. Y. 233 & 239; 14 How. 368; 22 id, 380; 2 Black 539.

*Waters & Winslow* for respondents.

The amendment of 1870 does not destroy the *individual liability* of stockholders in private corporations, but simply limits the power of the Legislature to extend such liability to an amount greater than the capital stock owned. The common law imposed no such liability. Ang. & Ames Corp., §§ 591, 594, 599 *et seq.* It had its origin in legislative enactment. Whatever the form of expression used in creating it, or whatever the extent to which it was carried, individual liability has a well understood and clearly defined meaning, viz: a liability *in addition* to the liability to pay up the stock subscription. If we show that the phrase "individual liability," as used in the statutes and constitutions of Missouri, have this "peculiar and appropriate meaning in the law," we shall insist that the rule of the statute shall govern "technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import." Wag. Stat. 887, § 6.

The statute of 1845 (R. S. 233, § 13) imposed on the stockholder a liability for debts of the corporation in "double the amount of his stock, and no more." This has been treated as in the nature of a penalty. *Kritzer v. Woodson*, 19 Mo. 327; *Cable v. McCune*, 26 Mo. 371. Under the statute of 1855 (R. S. 372, § 13) there was a liability "to an additional amount equal to that of the amount of his stock." The change made by the latter statute in the *measure* of the individual liability is evident, but in no sense is there any change in the *nature* of the liability. The law remained thus until the constitution of 1865 went into operation. The limitation in that instrument, it will be noticed, is not upon the power of the Legislature to *extend* the *individual liability* of stockholders, but upon the power to *reduce* such liability. The substance is, that each stockholder shall be liable for not *less* than the amount fixed, but there is no provision that it may not be made *more*. The individual liability was increased by the amount of the

unpaid stock. By dropping out the words, "*and any amount unpaid thereon*," the unpaid stock is withdrawn by the amendment of 1870 from the reach of the creditor's execution, but the individual liability—the thing apart from the unpaid stock—still remained just as it was by the statute of 1855. The words, "but in no case shall any stockholder be individually liable in any amount *over or above* the amount of stock owned by him," are equivalent to a provision that "every stockholder may be made individually liable to the amount of the stock owned by him." Saying that the amount shall not be *over or above* a certain amount is plainly saying that it may be *at the most that amount*.

The changes made by the amendment are: *First*, the individual liability is reduced by the omission of the unpaid stock from the measure of the liability; *second*, the limitation upon the legislative power is so changed as to prohibit an individual liability *greater* than the amount of the stock owned, where it was previously so limited as to prevent it from being fixed *less* than the amount of stock owned, and any amount unpaid thereon; *and, third*, the harmony of the system is restored by remitting to the corporate body and the courts all questions growing out of the corporate liabilities, leaving the Legislature to deal with the *individual liability* of the members. If it had been the intention to abrogate individual liability altogether, some such language as this would have been used: "The Legislature shall pass no law imposing any individual liability upon the members of private corporations, but laws must be passed subjecting unpaid stock to the claims of creditors." The language used imports no such intent. The form of expression used in the original section is preserved, and the only change made is in the measure of the liability and the nature of the limitation. The *object*, to secure "dues from private corporations," and the *means*, making the stockholder "individually liable" are still retained. The only purpose of the original section and the amendment,

the enactments of 1845 and 1855, and the entire body of legislation on the subject in this country, is to secure the creditors of these corporations against improvidence and fraud by means of this individual liability. There could be no necessity for statutes and constitutions to secure the rights of creditors in the unpaid stock. At common law the unpaid subscriptions to the capital stock constitute a fund available to creditors who are unable to make their demands from the corporate body, and equity will lend them its aid to enforce the payment. *Ward v. Manfg. Co.*, 16 Conn. 593; *Henry v. R. R. Co.*, 17 Ohio 187; *Mann v. Pentz*, 3 N. Y. 422; *Ogilvie v. Knox Ins. Co.*, 22 How. 380; *Adler v. Manfg. Co.*, 13 Wis. 57; *Upton, assignee v. Tribilcock*, 91 U. S. 47. If we insert after the words " over and above," the words " an amount measured by," the whole controversy is at an end. That such is the purport of the language used, see *Briggs v. Penniman*, 8 Cowen 392; *The matter of the Empire City Bank*, 18 N. Y. 218; *Bank v. Ibbottson*, 24 Wend. 493; *The matter of the Hollister Bank*, 27 N. Y. 397; *Pettibone v. McGraw*, 6 Mich. 445; *Ohio L. Ins. & T. Co. v. Merchants' Ins. & T. Co.*, 11 Humph 11.

*W. P. Asbury and A. B. Logan* for respondents.

It is immaterial in this proceeding whether the stock held by appellant was paid up or not; the extent of liability is not measured or affected by the amount unpaid thereon. Appellant is liable to plaintiffs in this form of proceeding. *McClaren v. Franciscus*, 43 Mo. 452; *E. O. Pickering use of John W. Dryden v. Templeton*, 2 Mo. App. 224; *Curtis v. Harlow*, 12 Met. 3. A subscription of stock to a corporation is a contract, and the law fixing the liability of the subscriber, as it exists at the date of the subscription, enters into and forms a part of the contract. *Ireland v. Palestine, &c. Co.*, 19 O. St. 369.

The seeming conflict between the statutory provision under which the action is brought and the constitutional

amendment, as to the *measure* of liability, does not, nor can it, render the *remedy* imposed by the statute inoperative and void. The amendment not providing a *new* remedy, but only *restricting* the *extent* or *measure* of liability imposed by the old constitution, needs no legislative enactment to authorize a *remedy* against such a stockholder to the *extent* of the liability therein imposed, but the remedy provided for by section 13, as aforesaid, is not affected by the amendment to the constitution, except to the *extent* of the liability, which is not contended for by the plaintiffs in this action. The rule is this: An amendment to the constitution which simply restricts the *measure* of liability or the *extent* of power which may be exercised in the performance of either a legislative, judicial, executive or ministerial act, needs no subsequent legislation to carry its provisions into effect, but the extent of such power, under a former legislative enactment, is to be confined to the *limitation* imposed by the constitutional amendment. *St. Joseph Board, &c. v. Patton*, 62 Mo. 444.

*Wood & Brinker* for respondents.

It is immaterial in this proceeding whether the stock, held and owned by defendant, was paid up or not. The extent of liability is not measured or affected by the amount unpaid thereon. The liability of the stockholders to the creditors is wholly separate and distinct from their liability to the corporation on their subscriptions. *Coleman v. White*, 14 Wis. 700; *Walker v. Butler* (Sup. Ct. Ills.) 5 Ins. Law Journal, 335.

HOUGH, J.—At the June term, 1874, of the Johnson circuit court, the plaintiffs recovered judgment against the Warrensburg and Marshall Railroad Company for the sum of $5,788.96. In July of the same year an execution, issued upon said judgment, was duly returned *nulla bona*. Thereupon the plaintiffs, in pursuance of section thirteen of the general statutes in relation to corporations, applied to the

circuit court for an execution against the defendant, who was a stockholder in said railroad, for an amount equal to the amount of stock by him owned, together with any amount unpaid thereon. It was admitted at the hearing of the motion, that the defendant had fully paid the railroad company for all the stock subscribed for, or owned, by him. The railroad corporation was created, and the indebtedness to the plaintiffs was incurred, after the adoption of the constitutional amendment in 1870, in relation to the liability of stockholders in private corporations. · Execution was issued against the defendant for an amount equal to the amount of stock owned by him, and he has brought the case here by appeal.

The only question which it will be necessary for us to consider is, whether, under the 6th section of the 8th article of the constitution of 1865, as amended in 1870, a stockholder in a private corporation can be made liable to a creditor of the corporation, when the whole amount of the stock owned by him has been paid. This section originally read as follows : " Dues from private corporations shall be secured by such means as may be prescribed by law; but in all cases each stockholder shall be individually liable over and above the stock by him or her owned, and any amount unpaid thereon in a further sum at least equal in amount to such stock." In 1870 it was amended so as to read as follows : " Dues from private corporations shall be secured by such means as may be prescribed by law, but in no case shall any stockholder be individually liable in any amount over and above, the amount of the stock owned by him or her." It has been very ingeniously contended by the counsel for the plaintiff, that while the foregoing amendment was intended to extinguish all individual liability over and above the amount of stock owned, it was also intended to make the stockholder individually liable for a sum *equal* to the amount of the stock owned by him. Authorities construing positive provisions in the statutes and constitutions of other states, creating an individual. liability to the amount of the

stock owned, have been cited to show that such liability is distinct from, and in addition to, the ordinary liability of the stockholder to have his entire stock, and any amount remaining unpaid thereon, subjected to the payment of the debts of the corporation.

The key to the true interpretation of the amendment of 1870 is to be found, we think, in the negative form of expression therein employed. If the object of the provision had been to create an individual liability to the amount of the stock owned by any shareholder, that purpose would undoubtedly have been declared in express and affirmative terms, and not by way of mere inference from a negative and prohibitory form of expression. If the amendment of 1870 had declared in express terms that every stockholder should be individually liable to the amount of the stock owned by him, it might well be argued on the authority of the cases cited by the plaintiffs' counsel, that as they were already liable to the creditors of the corporation for the full amount of their stock, paid and unpaid, the constitution intended to provide further security for such creditors by super-adding the individual liability of stockholders in a sum equal to the amount of their respective shares of stock. But such is not the nature of the provision, and the authorities cited are therefore inapplicable. The language of the amendment of 1870 should be construed with reference to the language of the section which it superseded, and when so considered, all doubt as to its true construction will vanish. The individual liability created by the original provision was expressed to be a liability, to an amount named, " over and above the stock owned, and any amount unpaid thereon." Now the phrase "over and above the stock owned" as there used, clearly meant *in addition to the stock owned*. The prohibition contained in the amendment was, " in no case shall any stockholder be individually liable *in any amount*, over or above the amount of the stock owned by him or her;" that is, *in addition* to the amount of the stock owned by him or her. In other words the identical

liability which the constitution of 1865 declared should exist, the amendment of 1870 declared should no longer exist. No liability whatever was created by the amendment, but the liability created by the constitution of 1865 was, by the amendment, totally extinguished. The common law liability for the stock owned and any amount unpaid there-on remains unaffected, of course, by the amendment of 1870. The same purpose and effect now ascribed by us to this amendment have been heretofore attributed to it in the case of *Ochiltree v. Iowa R. R. Contracting Co.*, 54 Mo. 113, which case counsel have asked us to review. Though the conclusion there reached was not controverted in argument, and was announced without any discussion of the subject, we are satisfied of its correctness, and, for the reasons here given, shall adhere to it. The judgment of the circuit court must therefore be reversed, and the cause will be remanded.

The other judges concur, except Judge NORTON, who is absent.

REVERSED.

The following cases were reversed and remanded for the reasons given in the opinion delivered in the case of *Schricker et al. v. Ridings*, HOUGH, J., delivering the opinion in each case.

*Cruce Parke and Co., v. Cockrell; same v. Funk; same v. Brown; same v. Kelley; same v. Williams; same v. Brown; Schricker et al. v. Riding & Co.; same v. Morrow; same v. Ward; Ganson et al. v. Morrow.*