Jones et al. vs. Jarman.

---

## Jones et al. vs. Jarman.

1. STOCKHOLDERS IN CORPORATION: *Their liability at common law.*

   By the common law, stockholders of a corporation are not personally liable for its debts. They are liable to an action at law by the *corporation* for unpaid stock, but a *creditor* of the corporation can not, by the common law, sue them in a court of *law* for unpaid stock. His remedy is in chancery.

2. SAME: *Liability under constitution of 1868.*

   The clause of sec. 48, Art. V, of the constitution of 1868, which provides that "in all cases each stockholder shall be liable, over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum at least equal in amount to such stock," entered into and formed a part of · the act of April 12, 1869 (*Secs.* 3333-3334, *Gantt's Dig.*), for the organization of private corporations, and parties becoming stockholders in a corporation under that act, during the operation of that constitution, assumed the liability imposed by the foregoing provision of it, and in the absence of any statutory remedy at law, the corporation creditor may enforce such liability in equity.

APPEAL from *Phillips* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.
*Tappan & Horner*, for appellants.
*Trieber*, for appellee.

ENGLISH, C. J. This was an action at law, brought in the circuit court of Phillips county by W. H. Jarman, against John T. Jones and others, stockholders in the Phillips County Agricultural and Mechanical Association, upon a note executed by the corporation to A. G. Jarman, one of the defendant stockholders, and by him assigned to the plaintiff.

The complaint alleges, in substance, that on the first of January, 1870, the defendants, and other persons named but not sued, together with a large number of other parties, some of whom were dead, organized an incorporated company under the laws of this state, under the name of the Phillips County Agricultural and Mechanical Association; the defendants subscribing for stock in said incorporated company for various sums; all of which would more fully appear by a certified transcript of the articles of incorporation from the records of the department of state, filed with and made part of the complaint.

That after the organization of said company, on the twenty-fifth of August, 1870, said corporation, by John J. Hornor, its treasurer, duly empowered, etc., executed and delivered to defendant, A. G. Jarman, its promissory note for $954, payable at four months, and bearing interest at one and a half per cent. per month from maturity; which note was given for money loaned to the corporation to improve its fair grounds, etc. That the corporation had paid to A. G. Jarman, upon the note, before he assigned it to the plaintiff, at various times, sums amounting in the

aggregate to $1,115.35, leaving due to plaintiff, to whom the note had been assigned, of principal and interest $1,009.30.

The note, with credits indorsed, is made an exhibit.

That the corporation has no property, either real or personal out of which plaintiff's claim can be collected, and was and is dissolved in fact.

That by virtue of the laws of the state under which said corporation was organized, each of said stockholders, defendants herein, is liable over and above the stock by him owned, and any amount unpaid thereon, to a further sum equal in amount to said stock; and that each of the defendants is the owner of the following stock in said corporation, etc.: Here the number of shares of stock owned by each defendant and the amount thereof, is stated, etc. Transcript of stock subscriptions exhibited.

Prayer for judgment against each of the defendants, for a sum equal to the amount of stock so owned by him, as aforesaid, sufficient to pay plaintiff's claim with interest.

A demurrer to the complaint was filed, on grounds stated below, which the court overruled.

Whereupon answer was filed, admitting the formation of the corporation, as alleged in the complaint; that defendants were stockholders, as stated therein; that Hornor, as treasurer, executed the note sued on; and alleging that said corporation is the legal owner of a tract of land containing about forty-six acres, on which its fair grounds are situated, which has been improved, etc., and on which it has paid $1,350; and that there is a lien on said property for balance of purchase money, amounting to about $5,500. That the legal title to the land is still in the corporation, and it is in possession

Jones et al vs. Jarman.

thereof, etc. Denies the authority of Hornor to execute the note sued on for the corporation, etc.

The case was submitted to the court sitting as a jury, and the court found the following facts:

"That the corporation, by John J. Hornor, its agent, executed the note sued on, for money loaned by A. G. Jarman to the corporation, for the purpose of improving its grounds; that the money was so used by said corporation; that the payments indorsed on the note were made by order of the board of directors; that the land described in the answer was sold to the state in the year 1876, for the taxes of 1873-4-5, and that the taxes thereon for the year 1876 have not been paid, which said taxes amount to $385. That at the present term of the court a decree was entered against said land for the balance of purchase money, amounting to $5,530 and costs. That the land would not yield on execution sale as much as the balance of purchase money due thereon, under said decree. That said corporation has no other property whatever; and that defendants herein named are owners of the amounts of stock set opposite their names, as exhibited in said complaint; and that the note sued on is held by the plaintiff for value, and is his property.

Whereupon the court rendered the following judgment:

"It is considered by the court that plaintiff have and recover of the defendants the sum of $1,096.72 for his debt and damages, and all the costs by him in this suit expended; and it is further considered by the court that the said defendants pay the following sums each, toward the satisfaction of said judgment, as their pro rata shares, to-wit:

| | | | |
|---|---|---|---|
| John T. Jones | $121 87 | J. T. Ramsey | $121 87 |
| J. E. Bennett | 121 87 | P. F. Anderson | 121 87 |
| J. W. Clopton | 121 87 | Higgatt Clopton | 121 87 |

| | | | |
|---|---|---|---|
| A. G. Jarman........ | 121 87 | Leon Berton........... | 24 38 |
| C. R. Coolidge...... | 48 75 | J. P. Clopton.......... | 48 75 |
| Tappan & Hornor... | 48 75 | E. D. Pillow........... | 24 38 |
| P. O. Thweat........ | 24 38 | W. E. & C. L. Moore | 24 38 |

And interest thereon at the rate of six per cent. from the rendition of this judgment until paid, and that each of said defendants pay a pro rata share of the costs of this suit, according to the amount of judgment rendered against them respectively, and for which execution may issue."

A motion for a new trial was overruled, and bill of exceptions taken.

The defendants, John T. Jones, Joseph T. Ramsey and Paul F. Anderson were granted an appeal by the clerk of this court.

The propositions taken on the demurrer to the complaint, requiring notice, may be formulated thus:

1. There is no law of this state making stockholders individually liable for the debts of a corporation.

2. The complaint does not show a legal cause of action.

3. The complaint shows no joint liability of defendants.

4. The complaint does not allege that the debt sued on had been adjudged to be due from the corporation, or that any attempt had been made to make the property of the corporation liable for the debt.

5. The complaint does not show what, if any other, debts of the corporation are outstanding or owing.

I. It appears from exhibits made part of the complaint that the capital stock of the corporation was $7,000, divided into shares of $25 each, and that appellants, Jones, Ramsey and Anderson subscribed each for ten shares, $250. How much of their stock they had paid in is not shown by the complaint.

The plaintiff, in his complaint, assumed that each of

the defendants was liable to him in this action in a sum equal to the amount of stock owned by him, and in an additional sum equal to the amount of stock not paid in by him, to pay the debt of the corporation described in the complaint and prayed an apportionment of the debt between the defendants according to their several liabilities.

By the common law the stockholders of a corporation are not personally liable for its debts.

A stockholder is liable to an action at law, by the corporation, for unpaid stock subscribed by him; but a creditor of the corporation can not, by the common law, sue him in a court of law for unpaid stock. Creditors may, however, by bill in equity, compel delinquent stockholders to pay in stock subscriptions due from them, on a proper case made by the bill.

But by the common law, when a stockholder has paid in the amount of stock subscribed by him, he has discharged all personal liability to the corporation, or to its creditors, on his own subscription for stock.

These are familiar elementary principles. *Thompson on Liability of Stockholders; secs. 4, 9, 14, 15, etc.*

At the time the corporation in question was organized, and when the debt described in the complaint was contracted, the constitution of 1868 was in force, and it is insisted for appellee that by one of its sections the liability of stockholders is greater than it was by the common law.

The section is as follows:

" *Section 48 (Art. 5).* The general assembly shall pass no special act conferring corporate powers. Corporations may be formed under general laws; but all such laws may, from time to time, be altered or repealed. Dues from corporations shall be secured by such individual liability of the

stockholders, and other means, as may be prescribed by law; but, in all cases, each stockholder shall be liable over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock. The property of corporations, now existing, or hereafter created, shall forever be subject to taxation, the same as the property of individuals. No right of way shall be appropriated to the use of any corporation until full compensation therefor shall be first made in money, or first secured by a deposit of money, to the owner, irrespective of any benefit from any improvement proposed by such corporation; which compensation shall be ascertained by a jury of twelve men, in a court of record, as shall be prescribed by law."

Under this section of the constitution, the general assembly passed a number of general acts providing for the organization of private corporations for various purposes, and among them the *Act of April 12, 1869, Gantt's Digest, p. 626, sections 3333 to 3364,* caption, INCORPORATIONS, sub-title, II—INCORPORATIONS, FOR MANUFACTURING AND OTHER LAWFUL BUSINESS, under which the corporation in question was doubtless organized.

There is no provision in this act, or any other, declaring to what extent stockholders of a corporation organized under it shall be liable for dues from such corporation, nor does the act provide any remedy by which creditors may enforce the double liability of stockholders prescribed by a clause of the section of the constitution, above copied.

The clause read in connection with the one which immediately precedes it, declares, in effect, that, " in all cases each stockholder shall be liable" (for dues from the corporation of which he is a stockholder) " over and above the stock by him or her owned, and any amount unpaid

thereon, to a further sum, at least equal in amount to such stock."

If this clause was not self-enforcing, to the extent of the minimum liability prescribed by it, in connection with acts passed, providing for the organization of private corporations, it remained a dead letter during the existence of the constitution of which it formed a part. If it required express legislation to give it life and force, it was utterly neglected in the acts providing for the organization of private corporations, and it might become a grave question whether such acts were not in violation of a mandate of the constitution, and void.

"A constitutional provision (says Mr. Cooley) may be said to be self-executing if it supplies a sufficient rule, by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules, by means of which those principles may be given the force of law. Thus, a constitution may very clearly require county and town government; but if it fails to indicate its range, and to provide proper machinery, it is not, in this particular, self-executing, and legislation is essential. Rights, in such a case, may be dormant until statutes shall provide for them, though in so far as any distinct provision is made, which, by itself, is capable of enforcement, it is law, and all supplemental legislation must be in harmony with it." *Cooley's Con. Lim., (4th Ed.), p. 101.*

Some of the clauses of the section of the constitution, above cited, were manifestly self-executing—that is, they went into force immediately upon the adoption of the constitution. Others, as evidently required legislation to execute them.

Jones et al. vs. Jarman.

For examples: The first clause, that "the general assembly shall pass no special act conferring corporate powers," operated as a limitation upon the power of the legislature to pass such special acts (as had been the previous habit), from the moment of the adoption of the constitution.

The next clause contemplated the passage of general laws, under which corporations might be formed, subject to the power of the legislature to alter or repeal them.

The clause that " the property of corporations, now existing, or hereafter created, shall forever be subject to taxation, the same as the property of individuals," was self-enforcing as a law of taxation, with the limitation that it could not affect exemptions made by previously granted charters, in the nature of contracts between the state and the corporations.

In *Cairo and Fulton Railroad Co. v. Trout, 32 Ark., 25,* we held that the last clause of the section relating to the ascertainment of compensation for the right of way, by jury trial, required legislation to enforce it, as indicated by its language. See, also, *Cairo and Fulton Railroad Co. v. Turner, 31 Ark., 494.*

The fourth article of the constitution of California contains the following sections :

" Sec. 32. Dues from corporations shall be secured by such individual liability of the corporators, and other means, as may be prescribed by law.

" Sec. 36. Each stockholder of a corporation, or joint stock association, shall be individually and personally liable for his *proportion* of all its debts and liabilities."

The first of the above sections is like the *third* clause of the section of our constitution of 1868, under consideration. In *French v. Teschemaker et al., 24 Cal., 539,* the

chief justice delivering the opinion of the court, commenting upon the above sections, said : " The first is a positive injunction requiring the legislative department of the government to provide security for corporate dues, by laws imposing, in connection with other means, some degree of individual liability upon members of the corporation, but leaving the extent of that liability to the wisdom and sound discretion of that department. But the latter section, by itself considered, seems to fix, upon first impression, the precise degree of liability, leaving no room for the exercise of legislative judgment."

The court then proceeds to comment at large upon the word "*proportion,*" used in the latter section, and to decide that legislation was necessary to give practical effect to the section, and without the aid of legislation it was inoperative.

This section of the California constitution, it will be observed, materially differs in its terms from the *fourth* clause of the section of our constitution, under discussion, which declares that, "in all cases each stockholder shall be liable over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock."

The learned chief justice, in the California case above cited, in the course of the opinion, said: "An act of the legislature authorizing the formation of corporations without attaching to the corporators an individual liability would be as obnoxious to the constitution as would be the creation of a corporation by special act; and the courts would be bound to hold that persons organized under such an act had acquired none of the rights of a corporation."

As to the personal liability of stockholders under the

constitutional and statutory provisions in California, see also *Larrabee v. Baldwin, 35 Cal., 155.*

Section 6, article 8, of the constitution of Missouri, of 1865, was similar in its language to the *third* and *fourth* clauses of the section of our constitution of 1868, which we are considering, and statutes were passed to enforce the double liability of stockholders and providing remedies by which creditors could enforce such liability in the courts of law. See *Schricker et al. v. Ridings, 65 Mo., 208; Gausen v. Buck et al., 68 Mo., 545; McClaren et al. v. Franciscus, 43 Mo., 452; Lewis, pub. ad., v. St. Charles County, 5 Mo., Appeal Rep. 225.*

Hence the supreme court of Missouri has had no case before it in which it was necessary to decide whether the clause of the sixth section of article eight, of the constitution of 1865, relating to the double liability of stockholders, was self-executing or not. We are assured by the chief justice of that court that the court has in no case decided that the clause was not self-enforcing.

Section 27, article 12, of the constitution of Missouri, of 1875, declares that " it shall be a crime, the nature and punishment of which shall be prescribed by law, for any president, director, manager, cashier or other officer of any banking institution, to assent to the reception of deposits or the creation of debts by such banking institution, after he shall have had knowledge of the fact that it is insolvent or in failing circumstances; and any such officer, agent or manager shall be individually responsible for such deposits so received, and all such debts so created with his assent.

Before the passage of any statute to enforce this section, the president, directors, cashier and teller of a bank were sued for the amount of deposits made by plaintiffs while

the bank was in an insolvent condition and failing circumstances, etc. The circuit court gave judgment against plaintiffs, the St. Louis court of appeals reversed the judgment, and the supreme court overruled the court of appeals and affirmed the judgment of the circuit court—holding that the expressions of the section relating to civil liability were so connected with the expressions relating to criminal liability that the whole section required legislation to enforce it. *Fusz v. Spaunhorst, et al., 67 Mo., 256.*

Section 48, article 5, of our constitution of 1868, above copied, is a literal copy of sections 1, 2, 3, 4 and 5, article 13, of the constitution of Ohio, of 1851; section 3 corresponding with what we have designated above as the *third* and *fourth* clauses of our section.

In the *Citizens' Bank of Steubenville v. Wright, auditor, 6 Ohio State R., 330,* the supreme court of Ohio expresses the opinion, after deciding the principal question presented in the case, that the clause of the third section : " but in all cases each stockholder shall be liable over and above the amount by him or her owned, and any amount unpaid thereon, to a further sum at least equal in amount to such stock"—was self-executing to the extent of the minimum liability prescribed by it.

In *State of Ohio, on the relation of the Attorney General, v. Sherman et al., 22 Ohio State R., 430,* Chief Justice WELSH, who delivered the opinion of the court, in the course of the opinion said :

"But the trouble in the defendants' case arises when we attempt to reconcile their claim that they are an Ohio corporation, under the act of 1863, with the third named limitation in the constitution—the limitation in regard to individual liability. Under the present constitution the

legislature is powerless to grant a charter to any such corporation, unless the grant is made in a form that will secure the individual liability of its stockholders for the debts of the corporation, at least to the amount of their stock over and above their subscription. This liability may be secured by an express provision in the act of incorporation. Where it is to exceed the amount of the stock, it must be secured in that form. In the absence of any such provision in the act of incorporation, I presume this provision of the constitution would enter into and form part of the act of incorporation, and to that extent execute itself. In either case, however, the act of incorporation, the grant of the charter, must be in some such form as will secure this liability. It must require of the individuals availing themselves of its provisions some acts as such, under and in pursuance of it as will subject them individually to its provisions, or to this provision of the constitution in regard to *liability*. If it fails to do this, it is simply unconstitutional and void."

After a thoughtful consideration of the question, and a careful examination of such adjudications as we have been able to find bearing on it, we have come to the conclusion that the clause of section 48, article 5, of the constitution of 1868—"but, in all cases, each stockholder shall be liable over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum at least equal in amount to such stock"—entered into and formed part of the act under which the corporation in question was organized; and that appellants, by becoming stockholders of the corporation, assumed the liability imposed by this provision of the constitution; and that though the act fails to prescribe remedies for creditors of corporations formed under it, the liability of stockholders may

be enforced by the proper judicial tribunals in accordance with settled principles of law. A different conclusion would force us to the necessity of declaring the act un-constitutional and void, and that associations organized under it are not corporations.

II. And this brings us to the consideration of the second proposition taken on demurrer to the complaint—that it does not show a legal cause of action—in other words, that the remedy, if any the creditor has, is by bill in equity, and not by an action in a court of law.

By the seventh section of a statute of New York, it was provided, " that for all debts due and owing by the company at the time of its dissolution, the persons then composing it shall be individually responsible to the extent of their respective shares of stock."

In *The Bank of Poughkeepsie v. Abbotson, 24 Wendell, 472,* the plaintiff having obtained judgment against a corporation, and taken out execution, which was returned *nulla bona,* brought an action at law against a single stockholder of the company, to charge him with the debt.

The court held, in effect, that a single stockholder might be sued at law, but if the creditor desired to proceed against more than one stockholder, the remedy was in equity. The court said : " There can be no doubt that the liability of the stockholders is *several,* and not joint. The measure of it may be wholly different in each case, depending upon the shares held. A joint suit would be impracticable, as there could be no joint judgment. * * Each is severally responsible to the amount of his own stock."

In *Spence v. Shapard, 57 Ala., 598,* which was a suit in chancery by a creditor of a corporation against stockholders, under a statute of Alabama, similar to the statute of New York, above copied, the court said : " Under this

statute many rulings were had in the several courts of New York, and the following, among other principles, were laid down, and have ever since been steadily adhered to: That when the corporation is dissolved, the liability of the stockholders to the creditors becomes primary and absolute; that it is not necessary first to sue the corporation, or to aver or prove its insolvency; that when the creditor sues a single stockholder, he can maintain an action of assumpsit or debt, and that when he proceeds against two or more stockholders, he can maintain a bill in equity." (Here the New York cases are cited.) Then the court proceeds to say further: "Section 1478 of the Code of 1852 (of Alabama), relating to the same subject, is a copy, less some unnecessary words, of the provision of the New York statute. Its language is: 'The stockholders of any such corporation are liable for all debts due by it at the time of its dissolution, to the extent of their stock.' We think the present bill can be maintained, without averring the insolvency of the corporation, and without previous suit against it. We have declined to follow the New York rulings, so far as they hold that an action at law may be maintained by creditors against individual stockholders, in *Smith v. Huckabee, 53 Ala., 191.*'"

Under the double liability clause of the constitution of Ohio, a statute was passed declaring that stockholders, etc., should be deemed and held liable to an amount equal to their stock, in addition to said stock, for the purpose of securing the creditors of such company, etc.

The statute adopted the minimum liability allowed by the constitution, and was intended to make the constitutional provision effective.

In *Wright et al. v. McCormack et al., 17 Ohio S. Rep., 94,* which was an equitable action, instituted by the plaintiffs,

not for themselves alone, but for the equal benefit of all the creditors of an insolvent corporation, its object being to effect an equitable distribution of the assets of the corporation, and to subject to the payment of the creditors the statutory liability of all the stockholders, the court said : " The statute under which the liability arises, contains no provision in regard to the manner in which the liability is to be enforced.    It is a provision inuring to the benefit of the creditors of the corporation ; but in what way, and upon what principles of equity, as between creditors, and as between stockholders, it is to be made available, and under what circumstances resort may be had to it, are matters left for judicial determination," etc.

The court, after quoting the provisions of the constitution and the statute, further said :  " The liability thus imposed on stockholders, is not a primary resource or· fund for the payment of the debts of the corporation.   It is collateral, and conditional to the principal obligation which rests on the corporation, and is to be resorted to by the creditors only in case of the insolvency of the corporation, or where payment can not be enforced against it by the ordinary process.   It is a security provided by law for the exclusive benefit of the creditors, over which the corporate authorities can have no control.   The liability on the part of the stockholders is several in its nature, but the right arising out of this liability would seem to be intended for the common and equal benefit of all the creditors.   But however this may be, we are unanimous in the opinion that, where proceedings are instituted by part of the creditors of an insolvent corporation against the stockholders, to enforce such liability for the benefit of all the creditors, no creditor can acquire priority, or institute a separate suit for the enforcement of such liability in his own behalf."

In *Umsted v. Buskirk et al., 17 Ohio S. Rep., 118*, which case was in the nature of a bill in equity, by a creditor of an insolvent corporation, to obtain satisfaction of his judgment by the enforcement of the statutory liability of the several stockholders, etc., the court said: "The liability on the part of the stockholders is several in its nature, but the right arising out of this liability is intended for the common and equal benefit of all the creditors. The suit of a creditor, under the statute, should, in our opinion, be for the benefit of all the creditors; and the stockholders, whose liability is sought to be enforced, have the right to insist on their co-stockholders being made parties for the purposes of a general account, and to enforce from them contribution in proportion to their shares of stock. The right of contribution grows out of the organic relation existing among the stockholders. As between them and the creditors, each stockholder is severally liable to all the creditors; as between themselves, each stockholder is bound to pay in proportion to his stock. The corporation ought to have been made a party," etc.

In the absence of a statute giving the creditor of a corporation a right of action in a court of law to enforce the liability of stockholders under the constitution of 1868, the remedy, we think, is in a court of equity, where the corporation (if in existence), all the creditors and stockholders may be made parties, the dues from the corporation and its assets ascertained, and the debts in excess of assets, charged upon the solvent stockholders in proportion to their several liabilities as such. Thus a multiplicity of suits by creditors, and by stockholders between themselves for contribution, may be avoided. In addition to the authorities above cited, see *Pollard v. Bailey, 20 Wallace,*

*520; 2 Otto, 161; Coleman v. White, 14 Wiscon., 700–705, note.*

The remaining propositions, taken on demurrer to the complaint, are sufficiently answered above, at least so far as we are disposed to settle them on this appeal. Further questions of practice in equity may be better settled when they are presented in suits in equity.

The court below erred in overruling the demurrer to the complaint, and, for this error, the judgment, as to the three defendants who have appealed, must be reversed, and the cause remanded to the court below, with leave to appellee to amend his complaint, and transfer the case to the equity side of the court, if he desires further to prosecute it.