M. D. LEWIS, ADMINISTRATOR, Respondent, *v.* ST. CHARLES COUNTY, Appellant.

### November 28, 1882.

CORPORATIONS — STOCKHOLDERS.—The payment to the corporation, of the full amount of a stockholder's subscription, is a complete defense to an action against him by a creditor of the corporation, where the charter provides that the stockholder shall be liable to the corporation creditors "to the amount of his stock and no more."

APPEAL from the St. Charles Circuit Court, EDWARDS, J. *Reversed and judgment.*

W. A. ALEXANDER, for the appellant, cited: *Lewis* v. *St. Charles County,* 5 Mo. App. 227 ; *Schircker* v. *Ridings,* 65 Mo. 208 ; *Gausen* v. *Buck,* 68 Mo. 545 ; *Lawler* v. *Burt,* 7 Ohio St. 340.

W. H. POGUE and JOHN A. KELLOR, for the respondent, cited: *Briggs* v. *Penniman,* 8 Cow. 387 ; *Baker* v. *Backus,* 32 Ill. 79 ; *Sherman* v. *Smith,* 20 Ill. 350 ; *Tarbett* v. *Page,* 24 Ill. 46 ; *Mathews* v. *Albert,* 24 Md. 527 ; *Stanley* v. *Stanley,* 26 Me. 191 ; *Spear* v. *Crawford,* 14 Wend. 20 ; *Lewis* v. *St. Charles County,* 5 Mo. App. 225.

THOMPSON, J., delivered the opinion of the court.

This is the same case which was before this court at a former term, and which is reported in 5 Missouri Appeals, 225. By referring to the decision of this court as there reported, it will be seen that when the cause was first before the circuit court, the learned judge sustained a demurrer to the petition, on the ground that the liability of St. Charles County as a stockholder in the St. Charles Western Plank-Road Company, under the charter of said company, extended no further than the par value of the amount of stock subscribed. But this court, being of opinion that the liability created by the thirty-second section of the act under which the corporation was organized (Sess. Acts 1851, p. 254),

was a liability to pay to creditors of the company a super-added amount equal to the par value of the stock held, reversed the judgment and remanded the cause. The cause has now been tried in the circuit court in conformity with the opinion of this court, and a judgment has been rendered for the plaintiff, from which the present appeal is taken.

Since the decision of this court, two decisions of the supreme court have been published, which seem to point to a different conclusion from that reached by this court. *Schricker* v. *Ridings*, 65 Mo. 208 ; *Gausen* v. *Buck*, 68 Mo. 545. These decisions, it is stated, were cited to the circuit court, but the learned judge felt bound by the authority of the decision of this court, operating, as it did, upon the immediate subject-matter of the suit before him.

It will be remembered that the question thus decided by this court arose in this way : The act of March 19, 1845, concerning corporations, contains this provision : " In all corporations hereafter created by the legislature, unless otherwise specified in their charter, in case of deficiency of corporate property or estate liable to execution, the individual property rights and credits of every member of the co-partnership or body politic, having a share or shares therein, shall be liable to be taken on execution, to double the amount of his stock, and no more, for all debts of the corporation contracted during his ownership of such stock."

Section 32 of the act of February 27, 1851, relating to plank and macadamized road corporations, declares that associations formed under that act " shall possess the general powers and be subject to the general restrictions and liabilities contained in an act concerning corporations, approved March 19, 1845, except that the thirteenth section of Article I of said act shall be so far modified, in its application to this act, as that a stockholder in any company formed under this act *shall not be liable for more than the amount of his stock.*"

This court held that, construing these two sections together, a stockholder in a plank or macadamized road company was liable to pay to the company the amount of stock subscribed by him, and was also liable to pay to the creditors of the company, in the event of the corporation being dissolved leaving debts unpaid, an additional amount equal to the amount thus subscribed and paid in.    5 Mo. App. 225.

When this decision was rendered, the decision of the supreme court in *Schricker* v. *Ridings* had been rendered, but not published.    It was not cited to this court, nor was it, in fact, considered by this court.    The supreme court, in that case, dealt with a question exactly parallel to the question before this court, and decided it the other way. This question related to the construction of the constitutional amendment of 1870, which repealed what is known as the double liability clause in the constitution of 1865. This clause in the constitution of 1865 reads thus: "Dues from private corporations shall be secured by such means as may be prescribed by law; but in all cases each stockholder shall be individually liable, over and above the stock by him or her owned, and any amount unpaid thereon, in a further sum at least equal in amount to such stock."

The amendment of 1870 reads as follows: "Dues from private corporations shall be secured by such means as may be prescribed by law; but in no case shall any stockholder be individually liable in any amount over and above the amount of the stock owned by him or her."

It will be perceived that the language of the amendment of 1870 was negative and restrictive in its terms, and that it was substantially the language above quoted from the thirty-second section of the act of 1851.    The amendment recited that "in no case shall any stockholder be individually liable in any amount over and above the amount of stock owned by him or her."    Section 32 of the act of 1851 recited "that a stockholder in any company formed under

this act shall not be liable for more than the amount of his stock." In construing the language of the constitutional amendment, the supreme court said: "The key to the true interpretation of the amendment of 1870 is to be found, we think, in the negative form of expression therein employed. If the object of the provision had been to create an individual liability to the amount of the stock owned by any shareholder, that purpose would undoubtedly have been declared in express and affirmative terms, and not by way of mere inference from a negative and prohibitory form of expression. If the amendment of 1870 had declared in express terms that every stockholder should be individually liable to the amount of the stock owned by him, it might well be argued, on the authority of the cases cited by the plaintiff's counsel, that, as they were already liable to the creditors of the corporation for the full amount of their stock, paid and unpaid, the constitution intended to provide further security for such creditors by superadding the individual liability of stockholders in a sum equal to the amount of their respective shares of stock. But such is not the nature of the provision, and the authorities cited are therefore inapplicable. The language of the amendment of 1870 should be construed with reference to the language of the section which it superseded, and, when so considered, all doubt as to its true construction will vanish. The individual liability created by the original provision was expressed to be a liability, to an amount named, ' over and above the stock owned, and any amount unpaid thereon.' Now, the phrase ' over and above the stock owned,' as there used, clearly meant, *in addition to the stock owned.* The prohibition contained in the amendment was, ' in no case shall any stockholder be individually liable *in any amount* over and above the amount of the stock owned by him or her ;' that is, in addition to the amount of the stock owned by him or her. In other words, the identical liabil-

ity which the constitution of 1865 declared should exist, the amendment of 1870 declared should no longer exist. No liability whatever was created by the amendment, but the liability created by the constitution of 1865 was, by the amendment, totally extinguished."

This reasoning would seem to be quite as applicable to the language of the clause we are considering, in the act of 1851, as to that of the constitutional amendment which the supreme court were considering. In this case, as in that, the key to the meaning of the legislature is to be found in the negative form of the expression made use of. The meaning of the words, " over and above the amount of stock owned," in the amendment, which was held to be *in addition to* the stock owned, was essentially the same as the meaning of the words in the act of 1851, " for more than the amount of his stock." The supreme court accordingly held that under this amendment a stockholder is not liable for a debt of the corporation, if he has paid the whole amount of the stock subscribed or owned by him. This decision was re-affirmed in the case of *Gausen* v. *Buck* (68 Mo. 545). We feel constrained to regard these decisions as establishing a different principle of interpretation from that adopted by this court in this case, in 5 Missouri Appeals, 225, and as having the effect of overruling the decision of this court. We accordingly reverse the judgment of the circuit court. As the conceded facts are that the county of St. Charles has paid in full the amount of stock subscribed by it in the St. Charles Western Plank-Road Company, in the view we now take, it cannot in any event be made liable to the plaintiff. We shall not, therefore, remand the cause, but judgment will be entered in this court for the defendant. It is so ordered. All the judges concur.