The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This is in response to Ashley County Judge Don Hartley's request for an opinion on the following question:
 Are the counties of the Tenth Judicial District required by law to pay the full health insurance premiums for the Chief Deputy Prosecuting Attorney of the Tenth Judicial District or required to pay only the "employer's share" of the premium as is the case of other county employees?
In my opinion, the answer to your question is that the counties of the Tenth Judicial District are not required to pay the entire health insurance premiums for the Chief Deputy Prosecuting Attorney of the Tenth Judicial District. Rather, it is my opinion that the counties of the Tenth Judicial District are required to share, on a pro-rata basis, the costs of any health insurance with which they choose to provide the Chief Deputy Prosecutor for the district.
You note in your request that the Chief Deputy Prosecutor for the Tenth Judicial District feels that Act 1097 of 1985 requires the counties in that district to provide him with health insurance and to pay the full premiums on such insurance. Section 3 of Act 1097 of 1985 provides, in pertinent part, the following:
 The Prosecuting Attorney of the Tenth Judicial Circuit may, with the approval of the quorum courts of the respective counties in the Tenth Judicial Circuit, select and employ one (1) Deputy Prosecuting Attorney who shall be a full-time employee and who shall not engage in the private practice of law. . . .
 The annual salary of this Deputy shall be set by the Quorum Courts of the five (5) counties in the Circuit, after consulting with the Prosecuting Attorney, but shall in no case be less than twenty-two thousand dollars ($22,000), unless a lesser amount is recommended by the Prosecuting Attorney, nor more than thirty-five thousand dollars ($35,000). In addition to said salary, the respective counties shall share Social Security, matching retirement, insurance, and all related salary expenses shall be shared on a pro-rata basis by each county in the aforementioned percentages on a monthly basis. Said salary, Social Security, matching retirement, and all related salary expenses shall be paid on a monthly basis by Ashley County. At the end of each quarter, the other four (4) counties in the Tenth Judicial Circuit shall reimburse Ashley County based on the percentages provided for herein. [Emphasis added.]
Unlike the other sections of Act 1097 of 1985, section 3 of the act, as set forth in pertinent part above, is not codified in the Arkansas Code. See Acts Disposition Table of the Arkansas Code Annotated (Tables Volume). See also A.C.A. §§ 16-21-1501 to -1503 (1987). Thus, one issue that must be resolved, as an initial matter, is whether Section 3 of Act 1097 of 1985 is valid.
The provision codified at A.C.A. § 1-2-105 (1987) provides that certain acts or sections of an act, even though omitted from the Arkansas Code when it was adopted in 1987, are not to be construed as having been repealed. Such acts include those which apply to one or more judicial districts or one or more counties within a judicial district, and those which appropriate funds from any source. See A.C.A. §§ 1-2-105(5) (7). Since Section 3 of Act 1097 of 1985 falls within these classes of acts, it clearly appears to fit within the scope of A.C.A. § 1-2-105. Accordingly, it is my opinion that Section 3 of Act 1097 of 1985 remains a valid law, despite its omission from the Arkansas Code.
Regarding the validity of Section 3 of Act 1097 of 1985, an additional question arises under Amendment 14 to the Arkansas Constitution due to the fact that the act applies only to Deputy Prosecuting Attorneys in the Tenth Judicial District. Amendment 14 prohibits the Arkansas General Assembly from passing any local or special acts. It has been stated, however, that statutes which are designed to meet the judicial needs of an area on a nondiscriminatory basis are part of a judicial system for the entire state and are not local or special within the meaning of Amendment 14, even though such statutes may apply only to individual counties, judicial districts or divisions within districts. Littleton v. Blanton, 281 Ark. 395, 665 S.W.2d 239
(1984). It is my opinion that this case may be looked to by analogy in construing Section 3 of Act 1097. Accordingly, it is my opinion that Section 3 of Act 1097 is not invalid as a "special or local act" under Amendment 14.
Thus, the only question to be resolved is what percentage of the health insurance premiums, if any, are the counties in the Tenth Judicial District required to pay on behalf of the Chief Deputy Prosecutor for the district. The language at issue in Section 3 of Act 1097 is as follows: "In addition to said salary, the respective counties shall share Social Security, matching retirement, insurance, and all related salary expenses shall be shared on a pro-rata basis by each county. . . ." It is clear from the phrase "[i]n addition to said salary," as appears in this section, that the General Assembly does not consider insurance to be an element of the salary as prescribed in the act. It is my opinion that the language at issue in Section 3 of Act 1097, as quoted above, only requires that the counties of the Tenth Judicial District share, on a pro-rata basis, the costs of whatever health insurance with which they choose to provide the Chief Deputy Prosecutor. Additionally, after a review of the relevant statutes, I find no other authority which would support the proposition that counties are required to provide, as well as pay the full cost of, health insurance for deputy prosecutors.
You note in your request that the counties in the Tenth Judicial District do not wish to deny health insurance coverage to the Chief Deputy Prosecutor; rather, they wish to classify him as a "county employee" for purposes of health insurance benefits. You also indicate that Ashley County, a county within the Tenth Judicial District, is currently required to pay only an "employer's share" of the health insurance premiums for its county employees. It must be determined, therefore, whether deputy prosecutors are considered "county employees" for purposes of health insurance. As a general matter, it has been stated that deputy prosecutors are officers of the state. There is case law authority to this effect in several specific areas, including constitutional salary requirements and limitations, and dual office holding prohibitions. See Martindale v. Honey,259 Ark. 416, 533 S.W.2d 198 (1976); Smith v. Page, 192 Ark. 342,91 S.W.2d 281 (1936); Griffin v. Rhoton, 85 Ark. 89,107 S.W. 380 (1907). However, I find no case law authority which specifically addresses the status of deputy prosecutors in the context of health insurance coverage. This office has opined in a previous Attorney General's opinion, however, that deputy prosecutors may be considered "county employees" for purposes of health insurance provided by the county since such employees' salaries are paid by the counties from county funds. See Op. Att'y Gen. No. 85-168. Thus, it is my opinion that the Chief Deputy Prosecutor for the Tenth Judicial District may be treated as a "county employee" for purposes of health insurance coverage and that he can be treated in the same manner as other county employees regarding the payment of health insurance premiums.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh