Mr. Charles S. Embry, Jr. Embry Law Firm 220 N. Willow, Suite 118 North Little Rock, AR 72114
Dear Mr. Embry:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 Popular Name THE ARKANSAS ALCOHOL BEVERAGE AMENDMENT Ballot Title
AN AMENDMENT TO THE STATE CONSTITUTION:
 AN AMENDMENT TO PERMIT THE SALE AND DISTRIBUTION OF LIQUOR, WINE, BEER AND OTHER ALCOHOLIC BEVERAGES IN ALL COUNTIES OF THIS STATE; TO REPEAL ALL LAWS, INITIATED ACTS, AMENDMENTS, RULES, AND REGULATIONS WHICH PROHIBIT THE SALE AND DISTRIBUTION OF LIQUOR, WINE, BEER AND OTHER ALCOHOLIC BEVERAGES IN ANY COUNTY OF THIS STATE; TO AUTHORIZE THE GENERAL ASSEMBLY TO ENACT ANY ALL LAWS, RULES, REGULATIONS IT DEEMS NECESSARY AND PROPER TO IMPLEMENT THE INTENT AND PURPOSES OF THIS AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to several ambiguities in the text of your proposed measure. I cannot at this time fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. §7-9-107(b).
I refer to the following ambiguities:
 1. Your references in subsection 1(a) of your submission to Act 108 of 1935 are confusing insofar as the definitions you offer, which appear to be entirely self-sufficient, are not, as you imply, all verbatim repetitions of the definitions set forth in Act 108, codified at A.C.A. § 3-1-102. Indeed, in an apparent attempt to address the overbreadth concern I expressed in my response to your original submission, your definition of "Spirituous Liquor" is narrower than that set forth in the statute, excluding the phrase "or any other liquids containing more than twenty-one percent (21%) of alcohol by weight." Given this difference, your cross-reference to Act 108 of 1935 as the source of your proposed definition creates an ambiguity that leaves me unable accurately to summarize your proposal in a ballot title.
 2. In section 2 of your proposed amendment, you express an intent "to authorize the General Assembly of this State to pass all laws, rules, regulations and other guidelines to implement this Amendment." This passage is confusing in that the legislature automatically has such authority unless some provision of the Constitution expressly declares otherwise. The Arkansas Constitution is not a grant but rather a limitation of powers, and the legislature may rightfully exercise the power of the people, subject only to restrictions and limitations imposed by the Arkansas or United States Constitution. Wells v. Purcell, 267 Ark. 456, 592 S.W.2d 100 (1979). By contrast, the United States Constitution is a grant of powers beyond the scope of which the federal government has no power to act. See State v. Ashley, 1 Ark. 513, 538 (1839); St. Louis, I.M. S. Rwy Co. v. State, 99 Ark. 1, 14 (1911); Baratti v. Koser Gin Co., 206 Ark. 813, 817 (1944); and Smart v. Gates, 234 Ark. 858, 860 (1961).
 In reviewing your proposed measure, I am uncertain whether you intend to direct the legislature to enact implementing legislation. In section 4 of your proposed amendment, you provide that upon your proposal's passage, "[t]he Governor of this State shall cause the General Assembly to be convened so that the General Assembly may promulgate any and all laws, rules, and regulations to implement the intent and purposes of this Amendment." (Emphasis added.) In thus obligating the governor to call a special legislative session (a directive that in itself is somewhat confusing in light of the fact that the legislature is scheduled to convene in regular session within several weeks of your recited effective date), you strongly imply that implementing legislation will be a matter of considerable urgency. However, this implication is in turn qualified by the highlighted" may" in the passage quoted above, as well as in the declaration in section 3 that "[t]he sale and or distribution of alcoholic beverages is hereby permitted in all Counties of this State." Given these uncertainties, I am unable to summarize in a ballot title precisely what, if anything, the legislature will be obligated to do.
 This ambiguity is compounded by your declaration in section 5 that the amendment will be "self-executing." If the General Assembly must act to "implement" your proposed amendment, as you suggest in sections 2 and 4, then it is necessarily not the case that your proposal, if adopted, would be "self-executing." The Arkansas Supreme Court has stated that the determination whether a measure is "self-executing" will turn upon whether the language indicates that the provision "is intended as a present enactment, complete in itself as definitive legislation, or contemplates subsequent legislation to carry it into effect." Myhand v. Erwin, 231 Ark. 444, 452, 330 S.W.2d 68 (1959), citing, 16 C.J.S. 48, p. 146. The court has repeatedly quoted the following test in making this determination:
 A constitutional provision may be said to self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law.
 Cooley's Const. Lim. (7th Ed.), p. 121; see also, Griffin v. Rhoton, 85 Ark. 89, 95, 107 S.W. 380 (1907); Myhand v. Erwin, supra, 231 Ark. at 452-453; Bahil v. Scribner, 265 Ark. 834, 840, 581 S.W.2d 334
(1979). Moreover, as the court noted in Rockefeller, Governor v. Hogue, 244 Ark. 1029, 1033, 429 S.W.2d 85 (1968): "One of the principal tests as to whether a constitutional provision is self-executing is the determination, from its language, its nature, and its objects, whether it is addressed to the legislative branch or to the judicial branch. Arkansas Tax Commission v. Moore, 103 Ark. 48, 145 S.W. 199; Myhand v. Erwin, supra." In the course of making this point, the court in Myhand
approvingly cited a Minnesota case which flatly declared that an amendment could be considered self-executing only if "`there is no language used indicating that the subject is referred to the Legislature for action.'" 231 Ark. at 453, quoting Willis v. Mabon, 48 Minn. 140, 150-51 (1892).
 In short, while you directly declare in section 5 and strongly imply in section 3 that your measure will be self-executing, you strongly imply the contrary in purporting in section 2 to "authorize" the legislature to implement the proposal and in directing in section 4 that the governor convene a special legislative session to achieve that end. I am consequently unable to summarize your proposal on this issue.
 3. Sections 2 and 3 of your proposed amendment authorize the sale and distribution of alcoholic beverages "in all Counties of this State." You fail to make clear in your submission whether this proposed authorization extends to those cities and townships that have voted themselves dry in wet counties, as the currently effective local option law permits them to do. See A.C.A. § 3-8-305. Clarification on this point would expedite my summarizing your proposed amendment in a ballot title.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id.
Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP:JHD/cyh