Charles S. Embry, Jr. Embry Law Firm 220 N. Willow, Suite 118 North Little Rock, AR 72114
Dear Mr. Embry:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted a similar measure, which I rejected due to ambiguities in the text of your proposed amendment. See
Op. Att'y Gen. 2001-397. You have since made additional changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name AN AMENDMENT TO PERMIT ANY RESTAURANT LOCATED IN A `DRY' COUNTY OR A `DRY' AREA OF A `WET' COUNTY IN THE STATE TO SERVE AND SELL ALCOHOLIC BEVERAGES FOR ON PREMISES CONSUMPTION (BY THE DRINK); TO ALLOW THE CLOSED CONTAINER SALE OF BEER AND WINE AT ANY GROCERY STORE LOCATED IN ANY `DRY' COUNTY OR IN A `DRY' AREA OF A `WET' COUNTY OF THE STATE; TO AUTHORIZE THE STATE OF ARKANSAS TO LEVY A SPECIAL TWO (2%) PERCENT TAX ON THE WHOLESALE SALE OF ALCOHOLIC BEVERAGES TO BE COLLECTED BY THE STATE AND DEDICATED TO THE ARKANSAS DEPARTMENT OF HUMAN SERVICES OR ITS SUCCESSORS; TO DIRECT THAT THE GENERAL ASSEMBLY OF THIS STATE BE CONVENED WITHIN THIRTY (30) DAYS OF THE PASSAGE OF THIS AMENDMENT TO PROMULGATE LAWS, RULES AND REGULATIONS TO IMPLEMENT THE PROVISIONS OF THIS AMENDMENT; TO REPEAL ANY AND ALL LAWS, RULES, REGULATIONS, ORDINANCES WHICH PROHIBIT THE SALE OF ALCOHOLIC BEVERAGES BY THE DRINK OR IN CLOSED CONTAINERS BY RESTAURANTS, OR GROCERY STORES IN `DRY' COUNTIES OR `DRY' AREAS OF `WET' COUNTIES; TO NULLIFY ANY LOCAL OPTION ELECTIONS RESULTS WHICH HAVE PROHIBITED THE SALE OF ALCOHOLIC BEVERAGES BY THE DRINK OR IN CLOSED CONTAINERS BY RESTAURANTS OR GROCERY STORES; AND TO REPEAL ANY OTHER LAWS, ORDINANCES OR REGULATIONS WHICH CONFLICT WITH THIS AMENDMENT
 Ballot Title
AN AMENDMENT TO THE STATE CONSTITUTION:
 1. TO PERMIT ANY RESTAURANT LOCATED IN A `DRY' COUNTY OR A `DRY' AREA OF A `WET' COUNTY OF THIS STATE TO SERVE AND SELL LIQUOR, WINE, BEER AND OTHER ALCOHOLIC BEVERAGES IN THEIR ESTABLISHMENTS FOR ON-PREMISES (BY THE DRINK) CONSUMPTION.
 2. TO PERMIT ANY GROCERY STORE LOCATED IN A `DRY' COUNTY OR A `DRY' AREA OF A `WET' COUNTY OF THIS STATE TO SELL WINE AND BEER, IN A CLOSED CONTAINER, FOR OFF PREMISES CONSUMPTION.
 3. TO AUTHORIZE THE STATE TO LEVY A TWO (2%) PERCENT SPECIAL TAX ON THE WHOLESALE SALE OF ALL ALCOHOLIC BEVERAGES OF WHICH PROCEEDS OF SAID SPECIAL TAX SHALL BE DEDICATED TO THE ARKANSAS DEPARTMENT OF HUMAN SERVICES OR ITS SUCCESSORS.
 4. TO REPEAL ANY AND ALL LAWS, ORDINANCES, OR LOCAL OPTION ELECTION RESULTS WHICH ARE IN CONFLICT WITH THIS AMENDMENT OR WHICH PROHIBIT OR RESTRICT THE SALE OF LIQUOR, WINE, BEER AND ALCOHOLIC BEVERAGES FOR ON PREMISES CONSUMPTION (BY THE DRINK) IN RESTAURANTS OR WHICH PROHIBIT OR RESTRICT THE SALE OF WINE AND BEER IN ANY GROCERY STORE IN ANY `DRY' COUNTY OR `DRY' AREA OF A `WET' COUNTY OF THE STATE.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your modified submission, I must again reject both your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. Several additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. Subsection 6(b) of your submission provides that your proposed amendment "shall be self executing." However, subsection 6(c) provides in pertinent part: "The General Assembly, shall convene, in regular or special session, to make any and all laws, rules and regulations required to implement provisions of this Amendment." If the General Assembly must act to "implement" your proposed amendment, as you suggest in subsection 6(c), then it is necessarily not the case that your proposal, if adopted, would be "self-executing." The Arkansas Supreme Court has stated that the determination whether a measure is "self-executing" will turn upon whether the language indicates that the provision" is intended as a present enactment, complete in itself as definitive legislation, or contemplates subsequent legislation to carry it into effect." Myhand v. Erwin, 231 Ark. 444, 452, 330 S.W.2d 68
(1959), citing, 16 C.J.S. 48, p. 146. The court has repeatedly quoted the following test in making this determination:
 A constitutional provision may be said to self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law.
 Cooley's Const. Lim. (7th Ed.), p. 121; see also, Griffin v. Rhoton, 85 Ark. 89, 95, 107 S.W. 380 (1907); Myhand v. Erwin, supra, 231 Ark. at 452-453; Bahil v. Scribner, 265 Ark. 834, 840, 581 S.W.2d 334
(1979). Moreover, as the court noted in Rockefeller, Governor v. Hogue, 244 Ark. 1029, 1033, 429 S.W.2d 85 (1968): "One of the principal tests as to whether a constitutional provision is self-executing is the determination, from its language, its nature, and its objects, whether it is addressed to the legislative branch or to the judicial branch. Arkansas Tax Commission v. Moore, 103 Ark. 48, 145 S.W. 199; Myhand v. Erwin, supra." In the course of making this point, the court in Myhand
approvingly cited a Minnesota case which flatly declared that an amendment could be considered self-executing only if "`there is no language used indicating that the subject is referred to the Legislature for action.'" 231 Ark. at 453, quoting Willis v. Mabon, 48 Minn. 140, 150-51 (1892).
 In short, while you directly declare in subsection 6(b) that your measure will be self-executing, you likewise declare the contrary in subsection 6(c), which directs that the legislature implement the proposal in a general or special legislative session to achieve that end. I am consequently unable to summarize your proposal on this issue.
 2. Subsection 6(c) of your submission provides that the required session of the legislature, "in regular or special session," shall convene "[t]hirty (30) days after passage of this Amendment." By contrast, subsection 4(b) provides that that the legislature, "in regular or special session," shall convene "[w]ithin 30 days of the passage of this Amendment" in order to implement the proposed special 2% tax on the wholesale sales of alcoholic beverages. (Emphasis added.) These provisions both conflict with each other and fail to take into account that any "regular" legislative session would not occur until more than thirty days after the November 5 passage of the amendment. See Ark. Const. art. 5, § 5 and A.C.A. § 10-2-101 (dictating that the regular biennial session will commence on the second Monday in January). Until you resolve these ambiguities, I will be unable properly to summarize your proposal in a ballot title.
 3. Your references in subsection I(1)(b) of your submission to Act 108 of 1935 are confusing insofar as the definitions you offer, which appear to be entirely self-sufficient, are not, as you imply, all verbatim repetitions of the definitions set forth in Act 108, codified at A.C.A. § 3-1-102. Indeed, in an apparent attempt to address the overbreadth concern I expressed in my response to your original submission, your definition of "Spirituous Liquor" is narrower than that set forth in the statute, excluding the phrase "or any other liquids containing more than twenty-one percent (21%) of alcohol by weight." Given this difference, your cross-reference to Act 108 of 1935 as the source of your proposed definition creates an ambiguity that leaves me unable accurately to summarize your proposal in a ballot title.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id.
Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP:JHD/cyh