The Honorable Jimmy Jeffress State Senator Post Office Box 904 Crossett, AR 71635-0904
Dear Senator Jeffress:
I am writing in response to your request for an opinion on the following questions concerning "Proposed Constitutional Amendment No. 1" adopted by the voters at the 2005 general election:[1]
 1. Is it now legal to run charitable Bingo games in Arkansas?
 2. Must enabling legislation be enacted before charitable Bingo games can be operated in Arkansas?
 RESPONSE
Assuming that the "charitable Bingo games" would constitute a "lottery" prohibited by Ark. Const. art. 19, § 14, the answer to your first question is "no," in my opinion, because the Amendment is not self-executing, meaning that the General Assembly must act to implement the Amendment. Accordingly, the answer to your second question is "yes," in my opinion.
The Arkansas Supreme Court has stated that the determination whether a measure is "self-executing" will turn upon whether the language indicates that the provision "is intended as a present enactment, complete in itself as definitive legislation, or contemplates subsequent legislation to carry it into effect." Myhand v. Erwin, 231 Ark. 444,452, 330 S.W.2d 68 (1959), citing, 16 C.J.S. 48, p. 146. The court has repeatedly quoted the following test in making this determination:
 A constitutional provision may be said to self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law.
COOLEY'S CONST. LIM. (7th ed.), p. 121. See also Bahil v. Scribner,265 Ark. 834, 840, 581 S.W.2d 334 (1979); Myhand v. Erwin, supra,231 Ark. at 452-453; Griffin v. Rhoton, 85 Ark. 89, 95, 107 S.W. 380 (1907).
Moreover, as the court noted in Rockefeller, Governor v. Hogue,244 Ark. 1029, 1033, 429 S.W.2d 85 (1968): "One of the principal tests as to whether a constitutional provision is self-executing is the determination, from its language, its nature, and its objects, whether it is addressed to the legislative branch or to the judicial branch.Arkansas Tax Commission v. Moore, 103 Ark. 48, 145 S.W. 199; Myhand v.Erwin, supra." In the course of making this point, the court inMyhand approvingly cited a Minnesota case which flatly declared that an amendment could be considered self-executing only if "`there is no language used indicating that the subject is referred to the Legislature for action.'" 231 Ark. at 453, quoting Willis v. Mabon, 48 Minn. 140,150-51 (1892).
Turning to the Amendment, subsection 1(b)(1) sets forth the substantive authorization of "bingo" and "raffles"[2] as follows:
 The game of bingo or raffles conducted by an authorized bingo and raffles organization shall not be a lottery prohibited by Section 14 of Article 19 of the Arkansas Constitution if all net receipts over and above the actual cost of conducting the game or raffles are used only for charitable, religious, or philanthropic purposes.
An "authorized bingo and raffles organization" is defined under subsection (1)(a)(1) as:
 . . . a nonprofit tax-exempt religious, educational, veterans, fraternal, service, civic, medical, volunteer rescue service, volunteer firefighters organization, or volunteer police organization that has been in continuing existence as a nonprofit tax-exempt organization in this state for a period of not less than five (5) years immediately prior to conducting the game of bingo or raffles.
Determinative of your questions, in my opinion, is the following provision, contained in subsection 1(c), regarding the licensing and regulation of "authorized bingo and raffles organizations":
 The General Assembly shall provide by law for the licensure and regulation of authorized bingo and raffles organizations to conduct the game of bingo or raffles and may levy taxes on the activities.
The Amendment in my opinion is plainly not "complete in itself" (Myhand, supra) in light of this referral of the matter of licensing and regulation to the General Assembly. This provision reflects the intent for "authorized bingo and raffles organizations" to be licensed pursuant to "law" to conduct the game of bingo or raffles. Because the Amendment "contemplates subsequent legislation to carry it into effect" (Myland, supra), it cannot be considered self-executing.Compare Fla. Op. Att'y Gen. 2005-20 (March 31, 2005) (opining that a constitutional amendment permitting slot machines at certain pari-mutuel facilities required implementing legislation).
With regard to your particular questions, therefore, enabling legislation in my opinion must be enacted before bingo games can be lawfully operated in Arkansas.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] This amendment will presumably be incorporated into the Arkansas Constitution as Amendment 84. It was proposed by HJR 1003 of the 2005 regular legislative session.
[2] The "game of bingo" is defined in subsection 1(a)(2)(A) as "a single game of the activity commonly known as "bingo" in which the participants pay a sum of money for the use of one (1) or more bingo cards." "Raffle" means "the selling of tickets or chances to win a prize awarded through a random drawing." Id. at (a)(2)(B). *Page 1